UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| Chriscil Lionel Lukobi-Johnson and Kayla Heath, | Case No. 26-cv-1801 (DWF/DJF) |
| Plaintiffs, | |
| v. | ORDER |
| Alicia Pester, Nikki Niles, Doug Nelson, Ashley Christenson, Teri Eastlund, Joseph Mudgett, Luke Hulshizer, Olmsted County, Dakota County, City of St. Paul, City of Rochester, and Does 1–10, | |
| Defendants. | |

This matter is before the Court on: (1) the amended Applications to Proceed in District Court Without Prepaying Fees or Costs filed separately by Plaintiffs Chriscil Lionel Lukobi-Johnson and Kayla Heath (ECF Nos. 12–13) (collectively the "Amended IFP Applications"); and (2) Plaintiffs' proposed Second Amended Complaint (ECF No. 24), which the Court construes as an implicit motion for leave to amend. For the reasons below, the Court denies the Amended IFP Applications without prejudice, denies leave to file the proposed Second Amended Complaint, and directs Plaintiffs to file new *in forma pauperis* ("IFP") applications and a complaint that meets the requirements for joinder of claims and parties under the Federal Rules of Civil Procedure. The Court will not address Plaintiffs' other pending motions until Plaintiffs comply with this Order.

I.    THE AMENDED IFP APPLICATIONS

A court evaluating an IFP application asks "whether the movant can afford the costs of proceeding without undue hardship or deprivation of the necessities of life." *Ayers v. Tex. Dep't of Crim. Just.*, 70 F.3d 1268, 1268 (5th Cir. 1995) (per curiam) (citing *Adkins v. E.I. DuPont de*

*Nemours & Co.*, 335 U.S. 331, 339–40 (1948)); *see also, e.g.*, *Brown v. City of Minneapolis*, No. 26-cv-0713 (PAM/JFD), 2026 WL 359928, at *1 (D. Minn. Feb. 9, 2026) (quoting *Ayers*). Answering that question requires complete and accurate financial information.  The template IFP applications that Plaintiffs used request detailed information about income, employment, cash and bank accounts, real and personal property, debts, dependents, and monthly expenses.  The form instructs applicants to "[c]omplete all questions" and to "not leave any blanks."

In a previous Order (ECF No. 10), the Court found Plaintiffs' original joint IFP Application (ECF No. 2) was "not a good-faith effort to explain their present finances" because it reported zero income despite the opening pleading's references to Plaintiffs' employment, and left blank sections for financial assets, property, dependents, and monthly expenses.  (*See* ECF No. 10 at 1–2.)  The Court directed each Plaintiff to file a "new, separate, and *complete*" application (*id.* at 2, emphasis added), and the Clerk sent each Plaintiff a copy of the District's current template IFP application.

The Amended IFP Applications fix some of the deficiencies the Court identified, but not all of them.  The Plaintiffs filed their Amended IFP Applications separately as directed and provided limited additional information regarding the current status of each Plaintiff's current employment.  However, Mr. Lukobi-Johnson's application leaves blank every income category, cash and bank accounts, all asset fields, the dependents section, and every line of the monthly-expenses page.  (*See* ECF No. 13 at 1–5.)  The only substantive entry notes former employment at Buddy's Kitchen with zero pay (*see id.* at 2),[1] but the explanations regarding Mr. Lukobi-Johnson's past employment are cut off and parts of those entries are illegible (*id.* at 2, 5).  Ms. Heath's

---

[1] The suggestion that Mr. Lukobi-Johnson received no pay at all from his past employment at Buddy's seems questionable.  Mr. Lukobi-Johnson is directed that this question seeks information about *previous* monthly income, not only current income.  Any previous income from Buddy's must be truthfully reported in that entry even if he is no longer employed there.

application lists $1,150 per month in public assistance income but leaves blank cash and bank accounts, assets, dependents, and monthly expenses.  (*See* ECF No. 12 at 1–5.)

The Court does not require perfection, but it does require a good-faith effort.  The IFP form asks straightforward questions in plain language.  When a party resubmits an application with almost every field still blank—after being told that was a problem—the Court cannot treat it as a good-faith attempt at compliance.  Plaintiffs have shown they are capable of producing lengthy, detailed filings when they want to: Their First Amended Complaint (ECF No. 11) spans 88 pages.  The contrast between that effort and the effort applied to the IFP applications is hard to square with good faith.

The Court therefore denies the Amended IFP Applications without prejudice.  Each Plaintiff may submit a new application that *completely* and truthfully answers every question on the form.  If a question does not apply, the applicant should write "N/A" or "none" rather than leaving the field blank.  Plaintiffs are warned that if their new applications again fail to provide the required information, the Court will deny them with prejudice and may recommend dismissal of this lawsuit under Federal Rule of Civil Procedure 41(b) for failure to prosecute and comply with court orders.

## II.    MISJOINDER OF PARTIES AND CLAIMS

### A.    Procedural History of the Complaints

Plaintiffs filed their original Complaint on March 10, 2026, asserting claims under 42 U.S.C. § 1983 and state law against seven individual defendants, four governmental entities, and ten Doe defendants, demanding $8,000,000 in damages.  (*See* ECF No. 1 at 1, 23–37, 39.)  On March 16, 2026, Plaintiffs filed an amended complaint. (ECF No. 11, "First Amended Complaint".)  At that point, they could amend "as a matter of course" under Federal Rule of Civil

Procedure 15(a)(1).  The First Amended Complaint is an 88-page pleading asserting seventeen causes of action.  (*See id.* at 36–67.)

On March 31, 2026, Plaintiffs filed their proposed "Second Amended Complaint" including a statement of intent to incorporate the First Amended Complaint by reference.  (ECF Nos. 24, 24-1.)  Because Plaintiffs had already amended once, any further amendment required leave of court under Rule 15(a)(2).  Plaintiffs did not file a formal motion for leave to amend their pleading a second time; they just filed the proposed Second Amended Complaint and labeled the First Amended Complaint a "memorandum".  (ECF Nos. 24, 24-1.)  Because a motion is required at this stage in the case, the Court construes these filings as an implicit motion for leave to file a Second Amended Complaint.  By Plaintiffs' own account, the proposed Second Amended Complaint is substantively identical to the First Amended Complaint.  (*See* ECF No. 24-1 at 1.)  It asserts the same seventeen counts, names the same defendants, and relies on the same factual allegations.  The sole change is an increase in the damages demand (from $8,000,000 to $18,000,000).  (*Compare* ECF No. 11 at 76 *with* ECF No. 24-1 at 1.)

As discussed below, both the First Amended Complaint and the proposed Second Amended Complaint share the same root problem: they join claims and defendants that do not arise out of the same transaction or occurrence as required by Federal Rule of Civil Procedure 20.

**B.     Legal Standards**

Under Federal Rule of Civil Procedure 18(a), "[a] party asserting a claim … may join, as independent or alternative claims, as many claims as it has against an opposing party."  This permissive rule lets a plaintiff "join as many claims as he or she has against an opposing party." *Headley v. Bacon*, 828 F.2d 1272, 1275 (8th Cir. 1987); *see also* 6A Mary Kay Kane, Federal

Practice and Procedure § 1582 (3d ed. Westlaw, updated Apr. 2026) ("FPP") ("Rule 18(a) … permit[s] a party to join as many original claims … as the party has against an opposing party.").

But when a plaintiff joins multiple defendants, as Plaintiffs here seek to do, he or she must also satisfy Rule 20(a)(2). Under that Rule, "[p]ersons … may be joined in one action as defendants if … (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." Though this is "broad language," a leading treatise explains that "a plaintiff may join multiple defendants in a single action only if the plaintiff asserts at least one claim to relief against each of them that arises out of the same transaction or occurrence and presents questions of law or fact common to all." 7 FPP § 1655; *see also, e.g.*, *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007) ("[M]ultiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2. Unrelated claims against different defendants belong in different suits …."). [2]

Under Rule 21, "[o]n motion or on its own, the court may at any time, on just terms, add or drop a party" and "may also sever any claim against a party." When a complaint joins parties or claims that do not satisfy Rule 20, the court may order severance or require the plaintiff to file a complaint that complies with joinder rules.

---

[2] Numerous decisions in this District have relied on *George*'s misjoinder reasoning. *See, e.g.*, *Shelton v. Schnell*, No. 26-cv-0050 (MJD/ECW), 2026 WL 594833, at *1 (D. Minn. Feb. 6, 2026), *report and recommendation adopted*, 2026 WL 592847 (D. Minn. Mar. 2, 2026); *Cherry v. Hennepin Cnty. ADC*, No. 25-cv-2633 (DWF/EMB), 2025 WL 2182692, at *2 (D. Minn. June 30, 2025), *aff'd*, No. 25-2515, 2025 WL 4083781 (8th Cir. 2025); *Broussard v. Hollenhorst*, No. 22-cv-0342 (SRN/ECW), 2022 WL 748470, at *3–4 (D. Minn. Mar. 11, 2022), *aff'd*, No. 22-1774, 2022 WL 10557060 (8th Cir. 2022).

Finally, Rule 8(a) requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Rule 8(d)(1) provides that each allegation "must be simple, concise, and direct." A pleading that buries its claims in excessive narrative, premature argument about anticipated defenses, and discovery demands does not satisfy Rule 8.

### C.  Plaintiffs' Proposed Complaints

The First Amended Complaint and the substantively identical proposed Second Amended Complaint are 88-page filings asserting seventeen causes of action against seven individual defendants, four governmental entities, and ten Doe defendants. They include lengthy discussion of anticipated defenses, discovery demands, and arguments about why qualified immunity should not apply—material that has no place in a pleading. (*See, e.g.*, ECF No. 11 at 68–75, 82–84.)

More problematically, the Complaints join claims and defendants that do not arise from the same transaction or occurrence. They contain claims about at least four unrelated factual groupings:

- Claims about the handling of Mr. Lukobi-Johnson's probation supervision conditions by Olmsted County Community Corrections (including claims about the imposition of a no-contact order with minors, the NorthStar residential mandate, GPS monitoring, electronic alcohol monitoring, and a refusal to honor Ms. Heath's power of attorney). These claims principally involve Defendants Pester, Nelson, Niles, and Olmsted County. (*See, e.g.*, *id.* at 2–3, 13–16, 25–29, 49–50.)

- Claims arising from child-protection investigations initiated against Ms. Heath's household (including the CPS intake process, school contacts with a minor child, and alleged unauthorized disclosure of confidential information). These claims principally involve Defendants Christenson, Eastlund, and Olmsted County. (*See, e.g.*, *id.* at 16–24, 56.)

- Claims concerning an April 2025 armed tactical entry of a licensed sober home in St. Paul, Minnesota (including the allegation that Defendant Mudgett obtained a search warrant based on a false affidavit). These claims principally involve Defendants Mudgett, Dakota County, and the City of St. Paul. (*See, e.g.*, *id.* at 19–21, 42–43.)

- Finally, claims about traffic stops of Plaintiffs conducted by Defendant Hulshizer on three separate occasions. These claims principally involve Defendant Hulshizer and the City of Rochester. (*See, e.g.*, *id.* at 25, 30–32.)

These groupings involve different defendants, conduct, times, locations, and legal theories; they do not arise from the same transaction or series of transactions. The actions of a probation officer in Olmsted County, a CPS investigator in Olmsted County, a Dakota County parole officer who obtained a search warrant executed by St. Paul police, and a Rochester police officer who conducted unrelated traffic stops are not part of the same transaction just because they all affected the same household. Plaintiffs' conspiracy allegations do not change this analysis. The underlying factual predicates must be transactionally related, and here they are not.

The proposed Second Amended Complaint changes only the damages demand and is otherwise substantively identical to the First Amended Complaint. The same joinder deficiency applies to both. The Court therefore denies Plaintiffs' implicit motion for leave to file the Second Amended Complaint.

The Court instead directs Plaintiffs to file a new proposed amended complaint that joins only claims and defendants arising from the same transaction or occurrence and sharing common questions of law or fact, as required by Rule 20(a)(2). This new proposed amended complaint must be an *entirely* new pleading. It may not supplement or add to the current operative pleading or seek to incorporate any part of a previous pleading by reference or attachment. It must stand on its own. It must also comply with the requirement under Rule 8 to contain a short and plain statement of the claims. It should not include premature discussion of anticipated defenses, discovery demands, or extended legal argument. Claims against other defendants arising from separate transactions or occurrences must be brought in separate lawsuits, each with its own filing fee or IFP application.

7

If Plaintiffs do not file a new proposed amended complaint that complies with these instructions by **May 14, 2026**, the First Amended Complaint will remain this action's operative pleading. Given the problems identified above, proceeding on the First Amended Complaint will likely result in a recommendation to dismiss this action under Federal Rule of Civil Procedure 41(b), for failure to comply with the joinder requirements under the Federal Rules of Civil Procedure and the Court's orders.

## III.   PENDING MOTIONS

The Court notes that several other motions remain pending, including motions for temporary restraining orders and preliminary injunctions. (*See* ECF Nos. 4, 14, 20, 22.) The Court will not address these motions until Plaintiffs have: (1) submitted *complete* and adequate IFP applications (or paid this action's filing fee); and (2) filed a new proposed amended complaint that satisfies the requirements of Federal Rules of Civil Procedure 8 and 20. Until then, the Court cannot meaningfully evaluate the claims or the relief sought in the pending motions.

### ORDER

Based on the foregoing, and on all of the files, records, and proceedings herein, **IT IS HEREBY ORDERED THAT**:

1.   The amended *in forma pauperis* applications of Plaintiffs Chriscil Lionel Lukobi-Johnson and Kayla Heath (ECF Nos. 12–13) are **DENIED WITHOUT PREJUDICE.**

2.   Plaintiffs' implicit motion for leave to amend (ECF Nos. 24 and 24-1) is **DENIED.**

3.   Each Plaintiff shall file a new, separate, and fully completed IFP application (or pay the applicable filing fee) by **May 14, 2026**. Failure to do so may lead to a recommendation that this action be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute.

4.      By the same date, Plaintiffs shall file a proposed amended complaint that satisfies the requirements of Federal Rules of Civil Procedure 8 and 20 and complies with this Order. Failure to do so may lead to a recommendation that this action be dismissed under Federal Rule of Civil Procedure 41(b) for failure to prosecute or failure to follow the Court's orders.

Dated: April 16, 2026                              *s/ Dulce J. Foster*
                                                   DULCE J. FOSTER
                                                   United States Magistrate Judge